

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KENNETH LEE,<br>    Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. _____ |
| TRANS HEALTHCARE, INC., d/b/a<br>HERITAGE PLACE NURSING<br>HOME and  TRANS<br>HEALTHCARE, INC. TEXAS<br>EMPLOYEE ACCIDENT PLAN<br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§ | 3-05CV1165-D |

**PLAINTIFF'S ORIGINAL COMPLAINT**
**AND JURY DEMAND**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COMES, **KENNETH LEE,** Plaintiff, complaining of Defendant Trans Healthcare, Inc. d/b/a Heritage Place Nursing Home (hereinafter referred to as "Trans Healthcare"), and Defendant Trans Healthcare, Inc. Texas Employee Accident Plan (hereinafter referred to as "The Plan"), and for cause of action would respectfully show this Court the following:

### I.
### PARTIES

1.   Plaintiff is an individual residing in Dallas County, Texas.

2.   Defendant Trans Healthcare, Inc. d/b/a Heritage Place Nursing Home is a Texas Corporation authorized to do business in the State of Texas.  Defendant Trans Healthcare, Inc. can be served by serving its registered agent for service, Mumtaz Farash, 800 – 8th Avenue, Suite 124, Fort Worth, Texas  76104.

3.  Defendant Trans Healthcare, Inc. Texas Employee Accident Plan is the benefit plan of which the Plaintiff was a member. The Plan is administered by Providence Risk & Insurance Services, Inc., a Texas Corporation duly authorized to do business in the State of Texas. The Plan may be served by serving its Administrator's registered agent, Deanna Craft, 16414 San Pedro, Ste. 800, San Antonio, TX 78232.

## II.
## JURISDICTION AND VENUE

4.  Jurisdiction is conferred upon this Court by Section 502 of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001 et seq. Jurisdiction is proper pursuant to 29 U.S.C. §1132 (1), and 29 U.S.C §§ 1132 (e) & 1132 (f).

5.  Venue is proper in this Court because all or part of the cause of action arose in Dallas County, Texas.

## III.
## FACTS

6.  Plaintiff Kenneth Lee was an employee of Defendant Trans Healthcare, Inc., d/b/a Heritage Place Nursing Home. On January 15, 2004, Plaintiff Lee was injured in the course and scope of his employment. He was lifting a patient with Ms. Hagar, a co-employee. The co-employee Hagar failed to properly lift the patient, causing Plaintiff to have to suddenly carry the entire weight of the patient. As a result, Plaintiff suffered a torn rotator cuff injury to his left shoulder. Plaintiff felt some soreness in his shoulder, but thought it nothing more than the usual soreness from working a physically demanding job.

8. Early on the morning of January 16, 2004, Plaintiff awoke with pain in his shoulder. Recognizing that he might have sustained an injury from the lifting incident, he called his employer before his daily shift began, and reported the nature and cause of his injury. He told Annie Arquanda, the Assistant Director of Nurses, about the injury of January 15, 2004. He told her he would not be able to work on January 16, 2004, and that he was going to see his family doctor, Alan Kenney, M.D. He also reported the accident and pain to Dr. Kenney. Ultimately, it was determined that Plaintiff had suffered a torn rotator cuff injury to his shoulder; this required a surgery by Dr. J. Teig Port to correct the tear.

9. On January 20, 2004, he submitted an incident report to his supervisor, Flo Brenham.

## IV.
## DEFENDANT TRANS HEALTHCARE'S NEGLIGENCE

10. Defendant Trans Healthcare, Inc. is a non-subscriber to the Texas Workers' Compensation system, as that term is defined in the TEXAS LABOR CODE. At the time of the Plaintiff's injury, they did not carry a policy of worker's compensation insurance, and thus were not covered under Texas Workers' Compensation law at the time of the injury.

11. Defendant co-employee Hagar was negligent because she failed to properly lift her side of the patient. Her negligence proximately caused the injuries to Plaintiff.

## V.
## EXECUTION OF A CONTRACT

12. Defendant Trans Healthcare, Inc. provided its employees with an employee benefit plan. The employee benefit plan was called, "The Texas Employee Accident Plan"

(hereinafter, "The Plan"). The Plaintiff and Defendant Trans Healthcare, Inc. agreed upon an employee benefit plan within the meaning of Sections 3(1), (2), (3), (21), 405 (c) (1)(B) and 502 of the Employee Retirement Income Security Act of 1974 (ERISA), to wit 29 U.S.C. §§ 102 (1), (2), (3) and (21), and § 1109 (c) (1)(B) and § 1131. This action is brought under the terms of the above agreement.

13. A contract was executed between the Plan and the Plaintiff as a result of the Plaintiff's employment with Defendant Trans Healthcare, Inc. In particular, the contract provided Mr. Lee with medical and disability benefits under the Plan if he suffered a work-related injury. The Plan was administered by Providence Risk & Insurance Services, Inc.

## VI.
## DEFENDANT EMPLOYEE ACCIDENT PLAN'S WRONGFUL BREACH OF CONTRACT

14. Plaintiff alleges that The Plan wrongfully breached the contract to provide benefits to the Plaintiff when he suffered a work-related injury on or about January 15, 2004. Plaintiff was an employee under the terms of the contract. Plaintiff sustained his injury on the job while lifting a patient, performing an act within the scope of his employment. Plaintiff has fully performed or fulfilled the conditions precedent to the contract. To date, Defendant Plan refuses to provide benefits to the Plaintiff, as he is entitled to under the terms of the contract. Defendant Plan's refusal amounts to an abuse of discretion. Plaintiff alleges that Defendant Plan breached the fiduciary duty that it owed to the Plaintiff. Plaintiff hereby sues Defendant Plan for wrongfully refusing him his benefits under the terms of the contract.

## VII.
## PLAINTIFF'S DAMAGES ARISING FROM
## THE PLAN'S WRONGFUL BREACH

15. Plaintiff was wrongfully denied benefits under Plan. In particular, he was denied salary benefits and medical expenses. He hereby sues The Plan for damages arising from the breach of this contract.

## VII.
## PLAINTIFF'S DAMAGES FROM TRANS HEALTHCARE'S NEGLIGENCE
### A.
### Medical Expenses In The Past

16. As a result of the lifting injury he sustained, Plaintiff medical expenses as follows:

| | |
|---|---:|
| Medical Center of Mesquite | $ 18,765.65 |
| Southwest Cardiac Associates | 25.00 |
| D. Randall Askins, M.D. | 423.60 |
| J. Teig Port, M.D., P.A. | 3,579.00 |
| Mounir Mekhail, M.D. | 960.00 |
| Gemini Digital Imaging | Pending |
| Alan F. Kenney, M.D. | Pending |
| **TOTAL MEDICAL EXPENSES IN THE PAST** | **$23,752.65** |

### B.
### Medical Expenses in the Future

17. In reasonable likelihood, Plaintiff will require reasonable and necessary medical care in the future for his work-related injury, for which he hereby sues Defendants.

### C.
### Physical Impairment in the Past and the Future

18. As a further result of the injuries Plaintiff sustained in his work-related accident, he has suffered physical impairment in the past; in reasonable likelihood he will continue to

suffer physical impairment in the future. Plaintiff hereby sues Defendants for his past and future physical impairment.

### D.
### Lost Wages in the Past

19.    As a further result of the injuries Plaintiff suffered in his work-related accident, he has sustained lost wages in the past, for which he hereby sues Defendants.

### E.
### Pain and Suffering & Mental Anguish in the Past and Future

20.    As a further result of Plaintiff's work-related injuries, he has sustained pain and suffering, and mental anguish in the past; in all likelihood, he will continue to experience pain and suffering and mental anguish into the future. Plaintiff hereby sues Defendants for his pain and suffering and mental anguish in the past and in the future.

## IX.
## ATTORNEY'S FEES

21.    Plaintiff has found it necessary to hire any attorney to file his ERISA claim. Plaintiff hereby sues Defendant for his reasonable and necessary attorney's fees, pursuant to 29 U.S.C. § 1132(g).

## X.
## PREJUDGMENT INTEREST

22.    Plaintiff is entitled to an award of prejudgment interest, for which he hereby sues Defendants.

## XI.
## DEMAND FOR JURY TRIAL

23.    Plaintiff demands a jury trial on all issues so triable.

## PRAYER

**WHEREFORE,** Plaintiff respectfully requests that the Defendants be cited to appear and answer, and upon final trial of this matter, that Plaintiff have the following:

1. Judgment against both Defendants, jointly and severally, for Plaintiff's damages;

2. An award of reasonable attorney's fees;

3. Costs of court, and prejudgment and post-judgment interest as allowed by law; and,

4. Such other and further relief to which Plaintiff may show himself justly entitled.

Respectfully submitted,

LAW FIRM OF BARRETT W. STETSON

_Barrett W. Stetson_
BARRETT W. STETSON, SBN 19178300
The Oaks at Turtle Creek
2929 Carlisle St., Ste. 360
Dallas, TX   75204-1081
Tel:   (214) 220-9090
Fax:   (214) 220-9112
e-mail address:     stetslaw@aol.com
**ATTORNEY FOR THE PLAINTIFF**

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**3-05CV1165-D**

RECEIVED JUN 7 2005 CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS

ORIGINAL

### I (a) PLAINTIFFS
Kenneth Lee

### DEFENDANTS
(1) Trans Healthcare, Inc., d/b/a Heritage Place Nursing Home

(2) Trans Healthcare, Inc. Texas Employee Accident Plan

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **Dallas**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Barrett W. Stetson  TEL.(214)220-9090
Law Firm of Barrett W. Stetson
2929 Carlisle St., Ste. 360
Dallas, TX 75204-1081

ATTORNEYS (IF KNOWN) TEL. (214) 672-2136
Stuart O'Neil
Cowles & Thompson, P.C.
901 Main St., Ste. 4000
Dallas, TX 75202-3793

### II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
ERISA: 29 U.S.C. §§ 3; 102; 502; and 1109 et seq.

### V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury—Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury—Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **LABOR** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | | ☐ 720 Labor/Mgmt Relations | ☐ 861 HIA (1395ff) |
| ☐ 195 Contract Product Liability | | | | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 862 Black Lung (923) |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus | | ■ 791 Empl. Ret. Inc Security Act | ☐ 865 RSI (405(g)) |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | | **FEDERAL TAX SUITS** |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 871 IRS—Third Party 26 USC 7609 |
| ☐ 290 All Other Real Property | | ☐ 550 Other | | | |

Other Statutes (cont.): ☐ 875 Customer Challenge 12 USC 3410; ☐ 891 Agricultural Acts; ☐ 892 Economic Stabilization Act; ☐ 893 Environmental Matters; ☐ 894 Energy Allocation Act; ☐ 895 Freedom of Information Act; ☐ 900 Appeal of Fee Determination Under Equal Access to Justice; ☐ 950 Constitutionality of State Statutes; ☐ 890 Other Statutory Actions

### VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**  ☐ UNDER F.R.C.P 23
DEMAND $ ERISA Benefits, Atty Fees, other damages
Check YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

### VIII. RELATED CASE(S) IF ANY (See instructions)
JUDGE _____ DOCKET NUMBER _____

DATE: May 12, 2005
SIGNATURE OF ATTORNEY OF RECORD: Barrett W Stetson

UNITED STATES DISTRICT COURT